Filed 11/3/22  P. v. Jacobs CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LIONEL TEMERO JACOBS, <br><br> Defendant and Appellant. | B313736 <br><br> (Los Angeles County Super. Ct. No. NA066775-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Winston Kevin McKesson for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Michael R. Johnsen and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Lionel Jacobs (defendant) appeals the trial court's summary denial of his motion for relief under Penal Code[1] section 1172.6 (former section 1170.95).[2]  Because defendant was necessarily convicted of attempted premeditated murder as either the actual killer or a direct aider and abettor, he is ineligible for this relief as a matter of law and the court acted properly in summarily denying his motion.  We accordingly affirm.

### FACTS AND PROCEDURAL BACKGROUND

I.      Facts[3]

A.      *The underlying crime*

In July 2005, defendant was a member of the Insane Crips street gang.  One night that month, defendant and a fellow gang member walked on the sidewalk past Edward Smith (Smith) and his friend, who were leaning against a car waiting for Smith's girlfriend to park her car.  The sidewalk was on a street that both the Insane Crips and one of its rival gangs claimed as their territory.  When Smith saw defendant act suspiciously and took

---

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

[2]      Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)

[3]      We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction on appeal.  (*People v. Jacobs* (Jan. 22, 2008, B194536).)

off running, either defendant or the fellow gang member opened fire on him.  Smith was shot in the arm.  Although Smith and his girlfriend both positively identified defendant as the shooter prior to trial, each backed away from that identification at trial; the girlfriend admitted to being repeatedly threatened in the interim.

### B.    *Charging, conviction and appeal*

The People charged defendant with attempted premeditated murder (§§ 187, subd. (a), 664).  The People also alleged that defendant "personally discharged" a firearm causing death or great bodily injury (§ 12022.53, subd. (d)) or, alternatively, that a "principal" did so (*id.*, subds. (d) & (e)(1)).  The People further alleged that the attempted premeditated murder was "committed for the benefit of, at the direction of, or in association with a criminal street gang" (§ 186.22, subd. (b)(1)(C)).  In accordance with the law in effect at the time, defendant's jury was instructed that he could be found guilty of attempted premeditated murder under two different theories: (1) as the actual killer; or (2) as someone who aided and abetted the actual killer (namely, defendant's fellow gang member).  Consistent with these instructions, the prosecutor argued in closing that it was "not important whether or not [defendant was] the shooter" because he was "equally guilty" of attempted premeditated murder whether he or his fellow gang member actually pulled the trigger.

A jury convicted defendant of attempted premeditated murder and found true the allegations that a principal discharged a firearm and that the crime was committed to benefit the gang.  The trial court sentenced defendant to prison for 50 years to life—comprised of a base sentence of 25 years to life (because this is a "third strike" offense under our State's Three

3

Strikes Law), plus 25 years to life for the firearm enhancement. Defendant appealed, and we affirmed the judgment in an unpublished opinion.

## II.  Procedural Background

On January 15, 2019, defendant filed a petition seeking resentencing under section 1172.6.  After appointing counsel to represent defendant, after receiving multiple oppositions from the People as well as a reply, and after a hearing, the trial court summarily denied the petition.  Specifically, the court ruled that defendant was ineligible for relief under section 1172.6 because the jury's verdict necessarily rested on a finding that he was the actual killer or someone who directly aided and abetted the actual killer, and because neither of those theories was affected by section 1172.6.

This timely appeal followed.

## DISCUSSION

Defendant maintains that the trial court erred in summarily denying his petition without an evidentiary hearing because he alleged a prima facie entitlement to relief in his petition.  Because the trial court's reasons for summarily denying relief in this case turn on its interpretation of section 1172.6 and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

A person is entitled to relief under section 1172.6 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder[ or] murder under the natural and probable consequences doctrine," (2) he "was convicted of murder," and (3) he "could not presently be convicted of murder . .

. because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (§ 188, subd. (a)(3).) In January 2022, our Legislature further amended the law to extend this relief to persons convicted of attempted murder. (Stats. 2021, ch. 551, § 2 [amending former § 1170.95, subd. (a)].)

In assessing whether a defendant seeking relief under section 1172.6 has made out a prima facie case warranting an evidentiary hearing, a trial court must take the petition's factual allegations as true and ask ""whether the petitioner would be entitled to relief if [those] allegations were proved."" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*)

Defendant has not made the requisite prima facie showing of entitlement to relief under section 1172.6. That is because the jury instructions establish that the defendant's attempted premeditated murder conviction rests on the theory *either* that defendant was the actual shooter *or* that defendant aided and abetted the actual shooter in the attempted murder. Either way, the jury had to find that defendant personally acted with malice. Because the jury was *never instructed* on a natural and probable consequences theory or felony-murder theory, his murder conviction could not rest on either theory, and he is not entitled to relief under section 1172.6 as a matter of law. (Accord, *People*

5

*v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677; *People v. Jenkins* (2021) 70 Cal.App.5th 924, 931-932 (*Jenkins*); *People v. Lopez* (2022) 78 Cal.App.5th 1, 11.)

Defendant resists this conclusion with two arguments, both of which lack merit. First, he argues that he was possibly convicted under the natural and probable consequences theory of criminal liability, which was exemplified by the prosecutor's closing argument. This argument ignores that his jury was never instructed on that theory. It also ignores that the prosecutor's closing argument was not based on natural and probable consequences, but rather informed the jury that defendant was guilty whether he pulled the trigger (a theory unaffected by section 1172.6) or directly aided and abetted his fellow gang member in pulling the trigger (another theory unaffected by section 1172.6). Second, defendant alternatively argues that he was convicted under "the improper theory of being an aider and abettor." Defendant is correct that he might be convicted as a direct aider and abettor, but that theory of liability is not "improper" under section 1172.6 because it requires a finding of personal malice, and hence falls outside of the relief afforded by section 1172.6. (*Jenkins*, *supra*, 70 Cal.App.5th at pp. 931-932 [noting that section 1172.6 "did not change accomplice liability for murder [or attempted murder] under direct aiding and abetting principles"].)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ